IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cr. No. 12-00133 JMS (02) |
| | ) | (Civ. No. 16-00070 JMS-KJM) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT |
| vs. | ) | LARRY LEE'S MOTION UNDER 28 |
| | ) | U.S.C. § 2255, DOC. NO. 205 |
| LARRY LEE, (02), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANT LARRY LEE'S MOTION**
**UNDER 28 U.S.C. § 2255, DOC. NO. 205**

**I. INTRODUCTION**

Defendant Larry Lee ("Defendant") has filed a Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody ("§ 2255 Motion").  Doc. No. 205.[1]  Based on the following, the § 2255

Motion is GRANTED, and an Amended Judgment correcting Defendant's

sentence will be filed.

///

///

---

[1]  "Doc. No." refers to the court's docket entry in Cr. No. 12-00133 JMS (02), rather than the docket of the parallel civil case.

## II.  <u>DISCUSSION</u>

### A.       The Government Concedes the § 2255 Motion Should Be Granted

By Judgment of March 14, 2013, Defendant was convicted of (1) possession of a stolen firearm, in violation of 18 U.S.C. § 922(j); (2) receiving stolen government property, in violation of 18 U.S.C. § 641; and (3) felon in possession of a firearm subsequent to three convictions for violent felonies, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e)(1) (the Armed Career Criminal Act ("ACCA")).  Doc. No. 174.[2]  On February 17, 2016, Defendant filed his § 2255 Motion, challenging the ACCA conviction (*i.e.*, the enhancement resulting in a fifteen-year mandatory minimum sentence) based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the ACCA's residual clause as unconstitutionally vague.  Doc. No. 205.  Meanwhile, on March 11, 2016, the court granted Defendant's Motion for Release on Bail pending a decision on the merits of the § 2255 Motion, which was stayed pending decisions by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016) (applying *Johnson* retroactively to cases on collateral review) (decided April 18, 2016), and *Mathis v. United States*, 136 S. Ct. 2243 (2016) (reiterating methodology for determining

---

[2]  Given the ACCA conviction, Defendant was sentenced to the mandatory-minimum term of 180 months imprisonment.  Doc. No. 174, Judgment at 3.  The statutory maximum for the other Counts was ten years.  *See* 18 U.S.C. §§ 641 & 924(a)(2).

2

whether a prior conviction qualifies as an ACCA violent felony) (decided June 23, 2016).

The government now agrees, in light of *Welch* and *Mathis,* that Defendant's prior burglary convictions are not "violent felonies" under the ACCA and that Defendant is no longer an "armed career criminal."  Doc. No. 226.  Given those concessions, and based on the court's review of the record and applicable caselaw, the court GRANTS the § 2255 Motion.  The ACCA judgment and sentence are VACATED and SET ASIDE.[3]  *See* 28 U.S.C. § 2255(b).

## B.    An Amended Judgment Shall Issue

The parties, however, disagree as to the precise remedy.  Defendant seeks a formal re-sentencing on an "expedited and streamlined basis," after consideration of a new sentencing guidelines calculation but without "adher[ing] to the extended sentencing procedures contemplated by [Local Criminal Rule] 32.1."  Doc. No. 229, Def. Suppl. Mem. at 2, 4.  On the other hand, the government contends that a de novo re-sentencing is unnecessary under the facts of this case -- rather, it argues that the court should issue an amended or corrected

---

[3]  Count Five of the indictment charged a violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm) with an ACCA enhancement under 18 U.S.C. § 924(e)(1).  Only the ACCA enhancement is set aside; the § 922(g)(1) conviction -- with a ten-year maximum sentence pursuant to 18 U.S.C. § 924(a)(2) -- remains.

judgment that sentences Defendant to "time served."  Doc. No. 230, Gov't Suppl. Mem. at 4.

When a § 2255 motion is granted, the court "'shall vacate and set the judgment aside' and do one of four things:  'discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.'" *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999) (en banc) (quoting 28 U.S.C. § 2255).  The statute gives the court broad discretion.  *See, e.g.*, *United States v. Jones*, 114 F.3d 896, 897 (9th Cir. 1997) ("[T]he statute gives district judges wide berth in choosing the proper scope of post-2255 proceedings."); *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997) ("[Section 2255] confers upon the district court broad and flexible power in its actions following a successful § 2255 motion.") (quoting *United States v. Davis*, 112 F.3d 118, 121 (3d Cir. 1997)).  "This broad and flexible power is derived from the equitable nature of habeas corpus relief."  *Handa*, 122 F.3d at 691 (citations omitted).

Further, "[a]lthough the judgment is a single unitary act, the clear implication of the statute is that vacating the judgment does not prevent the reinstatement of unchallenged counts when the court decides to resentence *or* to correct the sentence."  *Barron*, 172 F.3d at 1157 (emphasis added).  In post-2255 proceedings, "[w]hile [a judge is] permitted to consider all aspects of the sentence,

[a judge is] not required to do so." *Jones*, 114 F.3d at 897.  And "[t]he text of § 2255 clearly affords the district courts the authority to 'correct' a prisoner's unlawful sentence without conducting a formal 'resentencing' hearing[.]" *United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007) (brackets omitted). Moreover, although a sentence is considered a "package," *Barron*, 172 F.3d at 1160, "nothing in the sentencing-package theory forbids the district courts from doing what the text of § 2255 clearly permits[.]"  *Hadden*, 475 F.3d at 669.

Given the wide discretion the court has under § 2255, and considering the specific facts and posture of this case, it is appropriate to issue an Amended Judgment correcting Defendant's sentence to "time served."  That is, a de novo re-sentencing is unnecessary.  The parties agree that Defendant -- who has been released on bail since March 11, 2016 -- should serve no additional time in prison on all the counts of conviction, based on an intervening change in the law made retroactive to cases on collateral review.[4]  Additional proceedings to prepare and fully consider an updated presentence report, possible objections thereto, a possible motion by the government for an upward variance, as well as other requirements of Federal Rules of Criminal Procedure 32 and 43, are simply

---

[4]  A "time served" sentence of approximately 56 months, *see* Doc. No. 212, Gov't Mem. at 3, is well below the statutory maximum of 120 months for the non-ACCA counts.

unnecessary.  And an Amended Judgment with a "time served" sentence appropriately "corrects" Defendant's original sentence by removing the ACCA enhancement from the original Judgment.  *Cf. Hadden*, 475 F.3d at 667 (reasoning, when addressing § 2255, that "[a]s a descriptive matter, we think it is more accurate to say that the Amended Judgment 'corrected' Hadden's original sentence . . . .  To 'correct' means to 'make or set right.'") (quoting *Merriam Webster's Collegiate Dictionary* 280 (11th ed. 2004) (brackets omitted)).

Additionally, this approach (issuing an Amended Judgment, where appropriate, without resentencing de novo) is consistent with the procedure being taken by many district courts facing *Johnson* issues.  *See, e.g.*, Doc. No. 230-1, Gov't Ex. 1, Second Amended Judgment in *United States v. Mayer*, Cr. No. 05-60072-1-AA (D. Or. Feb. 23, 2016); *Hadley v. United States*, 2016 WL 3746567, at *3 (E.D. Tenn. July 7, 2016) (granting a *Johnson*-based § 2255 motion, finding "correction of Petitioner's sentence to be the most appropriate form of relief," and concluding that Petitioner's "term of imprisonment will be reduced to a 'time served' sentence"); *McBee v. United States*, 2016 WL 3962996, at *3 (E.D. Tenn. July 21, 2016) (same); *Battle v. United States*, 2016 WL 3946779, at *2 (M.D. Ala. July 20, 2016) (granting a *Johnson*-based § 2255 motion, concluding that "an amended judgment will be entered in the criminal case to reflect a sentence of time

6

served and a term of supervised release of three years"); *United States v. Husbands*, 2016 WL 3702676, at *2 (N.D. Fla. July 12, 2016) (granting a *Johnson*-based § 2255 motion, reducing defendant's incarceration to time served, and directing clerk to immediately enter an amended judgment reflecting the change).[5]

In considering the parties' arguments, it is also apparent that Defendant primarily seeks a de novo re-sentencing to create a specific, determinable "over-sentence" period by fixing a new sentence below the amount of time he has already served. Defendant has contended that such a period might be applicable under 18 U.S.C. § 3585(b) (entitled "Credit for prior custody") should, for example, he later face imprisonment if his supervised release is revoked under 18 U.S.C. § 3583(e)(3). *See, e.g.*, Doc. No. 229, Def. Suppl. Mem. at 6-7. The government objects to the creation of such a "time bank," and argues that it is an improper basis for convening a de novo re-sentencing hearing. Doc. No. 230, Gov't Suppl. Mem. at 3.

The court concludes that it is inappropriate to consider this factor, one way or the other (*i.e.*, either to *set* a period of "banked" overserved time, or to *deny*

---

[5] This court has also taken this approach by stipulation in *United States v. Carter*, Cr. No. 07-00150 JMS (01) (D. Haw. July 28, 2016) (Doc. No. 112), and *United States v. Leach*, Cr. No. 05-00531 JMS (D. Haw. July 21, 2016) (Doc. No. 95).

the creation of such a period), in choosing the most appropriate remedy under

§ 2255.  It would be improper to consider such a factor under 18 U.S.C. § 3553(a)

if re-sentencing anew, and it is likewise improper (and speculative) to consider it

under § 2255.  To be clear, the court is not imposing a "time served" sentence

merely to deny Defendant such potential relief.

But even if the possible creation of a "time bank" was an appropriate

consideration, Defendant's motivation for seeking a re-sentencing is contrary to

sound sentencing policy.  In a related context (where a defendant sought to utilize

potentially over-served time to justify release on bail pending a decision on a

§ 2255 motion), the court recognized that such use of a "reservoir" of over-served

time reflects poor policy and is subject to potential abuse.  *See United States v.*

*Leach*, 2016 WL 2344197, at *3 (D. Haw. May 3, 2016) ("If a 'time bank' of

overserved time existed for such use, it could easily be abused.  A defendant on

supervised release could feel free to violate the terms of supervised release, secure

in the knowledge that he could cash in his account if the court revoked his

supervised release.").  It is also contrary to sentencing policies set forth in the

Guidelines.  As this court noted in *Leach*,

> [t]he creation or use of such a "time bank" is also
> contrary to U.S.S.G. § 7B1.3(e) (Policy Statement

regarding revocation of supervised release), which
provides:

> Where the court revokes probation or supervised
> release and imposes a term of imprisonment, it
> shall increase the term of imprisonment
> determined under subsections (b), (c), and (d)
> above by the amount of time in official detention
> that will be credited toward service of the term of
> imprisonment under 18 U.S.C. § 3585(b), other
> than time in official detention resulting from the
> federal probation or supervised release violation
> warrant or proceeding.

> U.S. Sentencing Guidelines Manual § 7B1.3(e).  And the
> corresponding commentary explains that § 7B1.3(e) "is
> designed to ensure that the revocation penalty is not
> decreased by credit for time in official detention other
> than time in official detention resulting from the federal
> probation or supervised release violation warrant or
> proceeding." *Id*. cmt. n.3

*Leach*, 2016 WL 2344197, at *3 n.6.  And so, *if* the creation of a potential "time

bank" were a factor that a court could or should consider in deciding whether to

conduct a re-sentencing after a meritorious § 2255 motion, it would weigh against

conducting a de novo re-sentencing.  Stated differently, at a re-sentencing the

court would exercise its discretion and *avoid* the creation of any "time bank" by

re-sentencing Defendant to time served.

   Finally, given that Defendant's ACCA judgment and sentence have

been vacated, the corresponding maximum term of supervised release (which was

five years, based on the ACCA conviction) is now three years.  *See* 18 U.S.C.

§§ 3559(a) & 3583(b).  Accordingly, when considering the equities -- including

that Defendant may have indeed over served a period of months on his sentence,

and that he has been on bail for several months without receiving supervised

release credit -- the court will impose a two-year term of supervised release as to

each Count, to run concurrently.[6]

### III.  CONCLUSION

Defendant's § 2255 Motion is GRANTED.  Under § 2255(b), the

March 14, 2013 Judgment is VACATED and SET ASIDE.  The court will issue an

Amended Judgment with a term of imprisonment of "time served," with a

corresponding two-year term of supervised release (as to each Count, to run

concurrently).

Upon filing this Order and the Amended Judgment correcting the

terms of imprisonment and supervised release, the Clerk of the Court shall cause a

copy of the Amended Judgment to be served on the Bureau of Prisons

Designation and Sentence Computation Center, located in Grand Prairie, Texas,

---

[6]  The court will also remove the $ 800 restitution requirement set forth in the March 14, 2013 Judgment, as the court understands that it has been paid.

10

via facsimile or email so that the terms of it can be implemented by the Bureau of

Prisons.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, August 4, 2016.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Lee*, Cr. No. 12-00133 JMS (02), Order Granting Defendant Larry Lee's Motion under 28 U.S.C. § 2255, Doc. No. 205